UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONARD G. HOROWITZ,

    Plaintiff,

v.                             Case No:  2:23-cv-696-SPC-NPM

EMERALD NUTRACEUTICALS,
LLC., a corporation, MICHAEL
GARCIA, an individual, JOEL
ZUPNICK, an individual,
CHESKEL ZUPNICK, an
individual, SPECIALTYRX, INC., a
corporation, STEVENS ADONIS,
an individual, and DOES 1-50,
inclusive,

    Defendants.

## **OPINION AND ORDER**

Before the Court is pro se Plaintiff Leonard G. Horowitz's Complaint for Unfair and Deceptive Trade by Civil Conspiracy in Violation of FDUTPA. (Doc. 1). Plaintiff, "a widely known expert in natural medicine, multi-award-winning author and filmmaker, and inventor," alleges that Defendants have breached three contracts for manufacturing, distributing, and marketing of Plaintiff's nutritional supplements, and conspired to engage in unfair trade practices. (Doc. 1, ¶ A.1). He sues under Florida's Deceptive and Unfair Trade Practices Act and brings more claims under Florida common law like

tortious interference, breach of contract, fraud, and civil conspiracy. But the Complaint has problems.

To start, the Court lacks subject matter jurisdiction over the claims. Federal courts have a duty to determine whether subject-matter jurisdiction exists even if a party has not challenged it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This includes determining whether there is jurisdiction to grant the relief requested. *See Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018). So if a plaintiff falls short on alleging facts to show jurisdiction, the court "must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Plaintiff cites diversity jurisdiction as the basis for this Court's subject matter jurisdiction. A court has diversity jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. § 1332(a). Plaintiff has satisfied neither requirement.

For the amount in controversy, the Complaint says the initial minimum order under Plaintiff's manufacturing contract with Defendant Michael Garcia was $67,325. Plaintiff allegedly wired $56,000 to further the agreement. (Doc. 1, ¶¶ 13-15, 19, 30). But Plaintiff offers nothing more with damages. So, as pled, it is unclear if Plaintiff can allege a controversy worth more than $75,000.

Next are the parties' citizenships. Starting with Plaintiff. The Complaint states that Plaintiff is a resident of Lee County, Florida and resides in Bokeelia, Florida. (Doc. 1, ¶ A.1). Yet Plaintiff's affidavit says he is domiciled in Cape Coral. (Doc. 1-1). To add more confusion, Plaintiff's current mailing address is in Port St. Lucie, Florida—part of the Southern District of Florida. (Doc. 2). So Plaintiff's current and true domicile is unclear.

The Complaint also does not identify the citizenships of the individual Defendants: Michael Garcia, Joel Zupnick, and Stevens (sic) Adonis. Although their alleged professions are noted,[1] the Complaint is silent on where they are domiciled, so there is nothing about the state where they live and intend to remain indefinitely. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268-69 (11th Cir. 2013) ("For purposes of diversity, citizenship means domicile; mere residence in the State is not sufficient." (citation omitted)).

The Complaint also falls flat in pleading the citizenship of the companies. A limited liability company—like Defendant Emerald Nutraceuticals, LLC—is a citizen of every state in which one of its members is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). So a pleading must identify each of an LLC's

---

[1] The Complaint says Defendant Michael Garcia is an officer of Emerald Nutraceuticals, LLC. (Doc. 1, ¶ B.b). Defendant Joel Zupnick is the co-owner and President of Focus nursing home and director of SpecialtyRx, Inc., a nursing home drug and vaccine supplier. (*Id.* ¶ c). Stevens Adonis is Garcia's partner in Emerald Nutraceuticals. (*Id.* ¶ e).

members and their citizenships to ensure the feuding parties are diverse. *See id.* (A "party must list the citizenships of all the members of the" LLC). The Complaint only states that Emerald Nutraceuticals has operations in Commack, New York and was "established" by Michael Garcia and Stevens Adonis with Joel Zupnick as CEO. (Doc. 1, ¶ B.a). These allegations aren't enough. Plaintiff must identify each of Emerald Nutraceuticals' members and their domiciles.

For Defendant SpecialtyRx, Inc., the Complaint alleges it is a pharmaceutical supplier to nursing homes across the United States with offices in Ridgefield, New Jersey. (Doc. 1, ¶ B.d). This allegation is deficient, because a corporation (like SpecialtyRx) is a citizen of both the State of its incorporation and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (explaining the principal place of business is determined by the "nerve center" test). The Complaint alleges neither SpecialtyRx's State of incorporation nor its principal place of business.

Because the Court cannot conclude it has jurisdiction, it dismisses the Complaint without prejudice. Plaintiff may file an amended complaint that adequately pleads subject-matter jurisdiction. *See* 28 U.S.C § 1653.

Even if jurisdiction were proper, the Complaint is an impressible shotgun pleading. Together, Rules 8 and 10 lay out the minimum pleading

requirements. A complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Violations of these rules sometimes create confusing complaints, known as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

The most common shotgun pleading has multiple counts which each adopt the allegations of all past counts. *Id.* at 1321. Another type is those teeming with conclusory, vague, and unimportant facts. *Id.* Shotgun pleadings are disliked because they fail to give the defendant adequate notice. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" partly because they waste resources, broaden discovery, and ravage dockets). So when staring down the barrel of a shotgun complaint, courts should order repleading. *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing district court for not policing shotgun pleadings). The Complaint is a shotgun pleading because every count starts with a paragraph

which incorporates all past paragraphs.[2] In this way, the last count encompasses all preceding allegations.

There are other procedural deficiencies. For example, the Complaint names Defendant Cheskal Zupnick in the case caption, but includes no other substantive allegations against him. The Complaint also names fictitious defendants. But, "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). There is "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (citation omitted). The Complaint makes no allegation to fit the exception.

At bottom, it is hard to say whether Plaintiff has a possible case for federal court (rather than state court) given the issues above. But to be safe, the Court will permit him to file an amended complaint that shows subject-matter jurisdiction and follows the proper pleading standards.

Accordingly, it is

**ORDERED:**

---

[2] Specifically, Claim I incorporates all preceding paragraphs, Claim II incorporates the preceding paragraphs and part of Claim I, and Claims III, IV, V, VI, VII, and V incorporate all preceding paragraphs and claims.

1. The Complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading and for lack of subject matter jurisdiction.

2. Plaintiff may file an amended complaint consistent with this Opinion and Order on or before **November 29, 2023**. **Failure to do so will cause the closure of this case without further notice**.

3. Defendant Specialty Rx, Inc.'s Motion to Dismiss (Doc. 4) is **DENIED as moot**.

**DONE and ORDERED** in Fort Myers, Florida on November 8, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   All Parties of Record