UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONARD G. HOROWITZ,

     Plaintiff,

v.                                 Case No.:   2:23-cv-696-SPC-NPM

EMERALD NUTRACEUTICALS,
LLC., MICHAEL GARCIA, JOEL
ZUPNICK, CHESKEL ZUPNICK,
SPECIALTYRX, INC., STEVENS
ADONIS and DOES 1-50,

     Defendants.

_____/

## **ORDER**

Before the Court is pro se Plaintiff Leonard G. Horowitz's Motion for Reconsideration (Doc. 16), to which Defendant SpecialtyRx, Inc. has not responded.[1]  *See* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

On November 8, 2023,[2] the Court dismissed without prejudice the Complaint for lack of subject matter jurisdiction and being an impermissible shotgun pleading.  (Doc. 6).  It gave Plaintiff until November 29 to file an amended complaint and warned, "Failure to do so will cause the closure of this

---

[1] Defendant SpecialtyRx is the only named defendant to have appeared.  (Doc. 4).

[2] Unless otherwise noted, all dates referenced in this Order occurred in 2023.

case without further notice." (Doc. 6 at 7). When Plaintiff missed that deadline, the Court closed the case. (Doc. 15).

Plaintiff now moves for reconsideration under Federal Rule of Civil Procedure 60(b)(1), arguing that he tried to mail an amended complaint to the undersigned at the Fort Myers federal courthouse. As proof, he submits an electronic "Receipt" dated December 11 that reflects Plaintiff to have shipped something to the undersigned that was allegedly delivered on November 30 (a day late). (Doc. 16-2). He also provides an email dated November 27 to Defendant SpecialtyRx's attorney dated November 27 that attached his amended complaint. (Doc. 16-3).

Rule 60(b)(1) says "the court may relieve a party . . . from a final judgment, order, or proceeding" because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Because of Plaintiff's pro se status and the documents he has submitted, the Court gives him the benefit of the doubt on his attempt to follow its direction on filing a timely amended complaint. But filing papers with the undersigned at her chambers is not proper filing. *See* Local Rule 3.01(f) ("A party must not use a letter, email, or the like to request relief or to respond to a request for relief."); Administrative Procedures for Electronic Filing, Sec. F(3)(a) at 5 (M.D. Fla. 2022) ("The following documents must be submitted to the Clerk's Office in paper form or electronically through the Electronic Document Submission Portal (Web

Portal) on the Court's website: (a) all filings by pro se litigants who are not authorized by Court order to use CM/ECF"). So Plaintiff is warned that he may not mail any pleadings, motions, papers, or correspondence related to this case to any judge's chambers. Any material Plaintiff wishes to file must be mailed to the Clerk's Office.

Accordingly, it is

**ORDERED:**

Pro se Plaintiff Leonard G. Horowitz's Motion for Reconsideration is **GRANTED**.

(1) Plaintiff may file an amended complaint—with the Fort Myers Division Clerk's Office—on or before **February 26, 2024**. Failure to do so will result in this case staying closed without further notice.

(2) Upon receipt of an amended complaint, the Clerk is **DIRECTED** to reopen this case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 2, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3