UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONARD G. HOROWITZ, an individual,

    Plaintiff,

v.                                        Case No.:   2:23-cv-696-SPC-NPM

EMERALD NUTRACEUTICALS, LLC., MICHAEL GARCIA, JOEL ZUPNIC(K), CHESKAL ZUPNICK and SPECIALTYRX, INC.,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court are two Motions to Dismiss—one filed by Defendant Specialty Rx, Inc. (Doc. 71) and one by Defendants Joel and Cheskal Zupnick. (Doc. 72). Plaintiff filed a joint Response to both motions (Doc. 75), which are now ripe for review.

Plaintiff is an inventor of sorts who creates various health supplements. He alleges that he contracted with Defendants to manufacture, ship, and market his products. Defendants apparently fell short in their contractual obligations, so Plaintiff sues for breach of contract, intentional misrepresentation, fraud, promissory fraud, and negligent misrepresentation. (Doc. 66). Defendant Specialty Rx moves to dismiss for lack of subject-matter

jurisdiction, improper venue, and failure to state a claim. The Zupnicks move to dismiss for lack of personal jurisdiction and failure to state a claim, and they otherwise join Specialty Rx's Motion regarding subject-matter jurisdiction and venue.

The Court begins with the Zupnicks' personal jurisdiction challenge. When evaluating personal jurisdiction over a nonresident defendant, a court first determines whether exercising jurisdiction is appropriate under Florida's long-arm statute. *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). The plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). When a defendant challenges personal jurisdiction, supported by affidavits, the burden shifts back to the plaintiff to supply his own evidence supporting jurisdiction. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). To the extent the plaintiff's evidence conflicts with the defense's affidavits, the court construes all reasonable inferences in favor of the plaintiff. *Id.*

The Third Amended Complaint does not cite any provision of Florida's long-arm statute. However, Plaintiff broadly asserts that all Defendants "conducted business in Florida from New York and New Jersey at the time of the alleged torts." (Doc. 66 ¶ 8). This seems to be a reference to Fla. Stat.

§ 48.193(1)(a)(1), which extends Florida's long-arm statute to persons "operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency within this state." But the Third Amended Complaint fails to allege the Zupnicks have personally conducted business in Florida. Indeed, the Zupnicks' affidavits insist they have not (Docs. 72-1, 72-2), and Plaintiff offers no evidence to the contrary.

Even applying Fla. Stat. § 48.193(1)(a)(2), which extends jurisdiction to persons who commit a tortious act within Florida, Plaintiff falls short. Although Plaintiff brings several claims for fraud and misrepresentation against each Defendant, he specifies no fraudulent communications by the Zupnicks, much less that they were made within Florida. And the Zupnicks' affidavits make clear they never spoke with, made representations to, or interacted with Plaintiff. (Doc. 72-1 ¶ 16; Doc. 72-2 ¶ 15). Again, Plaintiff offers no counter evidence.

And Fla. Stat. § 48.193(1)(a)(7), which extends jurisdiction to persons "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state," does not work either because the Zupnicks declare they were never party to any contract with Plaintiff. (Doc. 72-1 ¶ 17; Doc. 72-2 ¶ 16). Plus, Plaintiff never alleged the Zupnicks were party to the contract, how the Zupnicks breached the contract, that the breach

3

occurred in Florida, or that their contractual duties were to be made in Florida. So Plaintiff appears out of options.

In his Response, Plaintiff seems to implicitly concede the Zupnicks have no personal ties to Florida. He instead insinuates that Defendant Garcia acted as the Zupnicks' agent when he conducted business in Florida, breached the contract, and made fraudulent statements. (Doc. 75 at 3-9). Stated differently, he tries to invoke an agency theory for jurisdiction. This is a clever approach because Florida's long arm statute applies to any person "who personally or *through an agent*" conducts any of the statute's enumerated acts. Fla. Stat. § 48.193(1)(a). But "[w]hen, on a motion to dismiss for lack of personal jurisdiction, the defendant makes a prima facie showing that he is not subject to the court's jurisdiction, the plaintiff must substantiate the agency allegations with competent evidence of the agency." *In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1326 (S.D. Fla. 2010), *aff'd sub nom. Inversiones Mar Octava Limitada v. Banco Santander S.A.*, 439 F. App'x 840 (11th Cir. 2011). Plaintiff fails to allege the agency, much less substantiate it with evidence.[1] The best he can muster is his broad claims that the Zupnicks are part of the same business "enterprise" as Garcia. So this Hail Mary

---

[1] Of note, the SpecialtyRx organization chart that Plaintiff attached to his Response indicates Defendant Garcia, the CEO, is the Zupnicks' superior. (Doc. 75 at 22). It makes little (if any) sense then to suggest that Garcia acted as an agent of his inferior officers.

4

attempt at establishing personal jurisdiction falls flat, and Plaintiff's claims against the Zupnicks are dismissed.

With the Zupnicks out of the picture, the Court turns to subject-matter jurisdiction concerns. "The party attempting to invoke the federal court's jurisdiction bears the burden of establishing that jurisdiction." *Mukamal v. Ofer*, No. 24-CV-22803, 2024 WL 3916706, at *3 (S.D. Fla. Aug. 23, 2024). SpecialtyRx argues Plaintiff failed to properly allege its citizenship and therefore has not established diversity. It is correct.[2]

As the Court already advised Plaintiff (Doc. 6), a corporation (like SpecialtyRx) is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff never alleges where SpecialtyRx is incorporated. And in an apparent attempt at asserting its principal place of business, Plaintiff states things like SpecialtyRx is "headquartered" and "operates" in New Jersey. (Doc. 66 ¶¶ 51-53). But these terms are not synonymous with principal place of business. *See AUM Realty II FL, LLC v. Vantage Risk Specialty Ins. Co.*, No. 2:24-CV-635-SPC-NPM, 2024 WL 4045379, at *2 (M.D. Fla. July 19, 2024) ("For diversity jurisdiction purposes, the Court is concerned with a corporation's principal place of business, not its headquarters."). Rather, a corporation's "principal

---

[2] Specialty Rx also argues Plaintiff failed to adequately allege the citizenship of Joel Zupnick. But this issue is moot since Joel Zupnick has already been dismissed.

5

place of business" is its "nerve center.*" Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). This is the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* Because Plaintiff has not established SpecialtyRx's citizenship, the Court's jurisdiction is uncertain.

The Court also has concerns with Emerald Nutraceuticals, LLC's citizenship.[3] A limited liability company is a citizen of every state in which one of its members is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). So a pleading must identify each of an LLC's members and their citizenships to ensure the feuding parties are diverse. *See id.* Plaintiff mentions that Joel Zupnick (a New York citizen) is the "single member of Emerald." (Doc. 66 ¶ 22). This seems fine at first blush. The problem is, Joel Zupnick stated in his affidavit that, although he was once a passive investor, he ceased all business and contact with Emerald Nutraceuticals. (Doc. 72-1 ¶ 13). This suggests Joel Zupnick is not a member of Emerald Nutraceuticals. If so, Plaintiff has not alleged any of Emerald Nutraceuticals' members, and its citizenship remains unknown. Until Plaintiff can show otherwise, the Court cannot say that it has jurisdiction over this case.

---

[3] Although Emerald Nutraceuticals' jurisdiction is not raised in either Motion to Dismiss, courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). So the Court raises the issue *sua sponte*, as it did earlier in the case (Doc. 6).

That's not all. Plaintiff alleges Emerald Nutraceuticals "closed its doors shortly after the time of the alleged torts occurred." (Doc. 66 ¶ 19). This sounds as if Emerald Nutraceuticals has dissolved. But Plaintiff fails to explain this or address what effect this dissolution has on its citizenship for diversity purposes. He must do so. *Cf. AIG Specialty Ins. Co. v. TJAC, LLC*, No. 3:20-CV-919-RLM-MGG, 2021 WL 7542443, at *1 (N.D. Ind. Aug. 25, 2021) ("Plaintiff has not cited any authority regarding the process for determining the citizenship of a long since dissolved LLC like TJAC."); *Bankers Healthcare Grp., LLC v. TCEX, LLC*, No. 523CV00611BKSTWD, 2023 WL 8602051, at *2 (N.D.N.Y. Dec. 12, 2023) (requiring the defendant to supplement is removal notice to explain the effect of LLC's administrative dissolution on jurisdiction).

Turning now to venue. Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.[4] When a defendant moves to dismiss under Rule 12(b)(3) for improper venue, the plaintiff bears the burden of establishing venue is proper. *Whitwam v. JetCard Plus, Inc.*, 34 F. Supp. 3d 1257, 1259 (S.D. Fla. 2014). Plaintiff has not met this burden.

---

[4] 28 U.S.C. § 1391(b)(3) is not applicable here, so the Court omits it.

No Defendant resides in Florida, so Plaintiff must show that a substantial part of the events giving rise to his claims occurred in the Middle District of Florida. He has not done so. As previously noted, Plaintiff claims Defendants breached their contractual obligations to manufacture, ship, and market his products. All of this seemingly occurred in either New York, New Jersey, or both—the allegations are not clear. Either way, the Third Amended Complaint contains no facts suggesting Defendants' conduct leading to the breach occurred in this District or the Fort Myers Division. *See Forbes v. Lenox Fin. Mortg.*, LLC, No. 08-60455-CIV, 2008 WL 2959727, at *3 (S.D. Fla. July 30, 2008) (finding venue improper in the district when "Plaintiff's Complaint [was] entirely devoid of any allegation that the decision to breach the contract or any other acts related to the breach of contract occurred in Florida.").

As for his various fraud and misrepresentation claims, Plaintiff broadly alleges that Defendants made such statements on their website and elsewhere over the internet, in emails, during teleconferences, and in other oral and written communications. (Doc. 66 at 27-46). This is unhelpful.[5] Even his scattered references to statements made from New York to Florida fall short. For venue to lie in this District, the fraudulent statements must have been issued in or otherwise directed into this District. *See Trans Am Worldwide,*

---

[5] As discussed below, these broad assertions also demonstrate Plaintiff's failure to comply with Fed. R. Civ. P. 9(b)'s heightened pleading requirement.

8

*LLC v. JP Superior Sols., LLC*, No. 4:17-CV-560-MW/CAS, 2018 WL 3090394, at *7 n.10 (N.D. Fla. Apr. 30, 2018). So Plaintiff's allegations of fraudulent statements made into the state are inapt. Because he has not alleged that a substantial portion of the fraudulent claims or misrepresentations occurred in this District, he fails to establish this is a proper venue.

Finally, SpecialtyRx argues Plaintiff fails to state a claim against it.[6] To survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Twombly*, 550 U.S. at 555. A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

---

[6] The Zupnicks raise the same arguments, but they have already been dismissed on personal jurisdiction grounds. So their Rule 12(b)(6) arguments are moot.

First, the breach of contract claims.[7] To state a claim for breach of contract under Florida law, a plaintiff must allege: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. *Cordell Funding, LLLP v. Jenkins*, 722 F. App'x 890, 894–95 (11th Cir. 2018). SpecialtyRx claims Plaintiff has not established a contract with it exists or that it breached said contract. The Court agrees.

It should go without saying that a defendant cannot breach a contract to which it was not a party. *See Sekula v. Residential Credit Sols., Inc.*, No. 6:15-CV-2104-ORL-31-KRS, 2016 WL 6650712, at *2 n.2 (M.D. Fla. Nov. 10, 2016) ("In case it is not obvious, under Florida law, a breach of contract claim may only be asserted against a party to the contract."). Yet Plaintiff offers only broad allegations that Defendants breached the contract without asserting who is party to it or otherwise attaching it to the Third Amended Complaint. And given he repeatedly lumps the Defendants together, he never explains how each Defendant purportedly breached said contract. As such, his breach of contract claims (Counts I-IV) are dismissed.

A similar issue arises with Plaintiff's fraud and misrepresentation claims. Under Fed. R. Civ. P. 9(b), "claims of fraud must be pled with

---

[7] Plaintiff brings four claims for breach of contract against all Defendants: (1) breach of manufacturing contract; (2) breach of shipping contract; (3) breach of marketing contract; and (4) breach of "7 DIGITAL" Contract. But it is unclear if he is asserting Defendants breached four separate contracts or they breached four aspects of one contract. He must clarify this.

10

particularity, which means proffering the who, what, when, where, and how of the fraud alleged." *Omnipol, a.S. v. Worrell*, 421 F. Supp. 3d 1321, 1343 (M.D. Fla. 2019), *aff'd sub nom.*, 32 F.4th 1298 (11th Cir. 2022). Plaintiff fails to satisfy this heightened pleading requirement.

Throughout each of his various fraud and misrepresentation claims, Plaintiff never identifies statements made by SpecialtyRx. Rather, he only references Defendant Michael Garcia or "Defendants" generally, which falls well short of the Rule 9(b) threshold. *See Techjet Innovations Corp. v. Benjelloun*, 203 F. Supp. 3d 1219, 1232 (N.D. Ga. 2016) ("The Court agrees that Plaintiff lumped together several defendants and therefore failed to identify with sufficient particularity 'who' exactly made the statements that they allege to be fraudulent."). For each purportedly fraudulent statement, Plaintiff must plead the contents of the statements, the speaker, where and when the statements were made, and any other necessary contextual information.[8] *See Starks v. Chuhak & Tecson, P.C.*, No. 17-62366-CIV, 2019 WL 10060337, at *3 (S.D. Fla. Jan. 18, 2019). Because he failed to do so, the fraud and misrepresentation claims (Counts V-VIII) are also dismissed.

Plaintiff's Third Amended Complaint is also a shotgun pleading. As discussed above, none of Plaintiff's claims specify any conduct by SpecialtyRx.

---

[8] Indeed, specifying *where* the purportedly fraudulent statements were made is crucial for determining venue, as discussed above.

11

Plaintiff only refers to Defendant Garcia or otherwise lumps all the Defendants together. Because it seems unlikely (if not impossible) that all five Defendants engaged in the exact same conduct to breach the contract or issued precisely the same fraudulent statements, such pleading tactics are impermissible. *See Schmidt v. Disney Parks, Experiences & Prod.*, Inc., No. 6:23-CV-257-ACC-EJK, 2024 WL 1669815, at *4 (M.D. Fla. Feb. 29, 2024) ("[U]nless it is possible that all defendants could have engaged in the same conduct, a complaint that lumps together the defendants will be found to be a shotgun pleading." (cleaned up)). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). And this Court's tolerance for Plaintiff's pleading deficiencies has reached its limit.

Plaintiff is advised that his forthcoming Fourth Amended Complaint is his final opportunity to get this case off the ground. Any further pleading deficiencies, including jurisdictional, will result in dismissal of this action with prejudice. *See Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 903 (11th Cir. 2020) ("A district court need not allow an amendment where there has been repeated failure to cure deficiencies by amendments previously allowed." (cleaned up)).

Accordingly, it is now

**ORDERED:**

12

1. Defendant SpecialtyRx's Motion to Dismiss (Doc. 71) is **GRANTED in part**.

2. Plaintiff's Third-Amended Complaint is **DISMISSED without prejudice.** By **October 8, 2024**, Plaintiff must file a Fourth Amended Complaint. *A failure to do so will result in this case's dismissal without further notice.*

3. Defendants Joel and Cheskel Zupnick's Motion to Dismiss (Doc. 72) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 24, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

13