## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

LEONARD G. HOROWITZ,

     Plaintiff,

v.                          Case No.: 2:23-cv-00696-SPC-NPM

EMERALD NUTRACEUTICALS LLC,
a foreign limited liability company;
MICHAEL GARCIA, an individual;
JOEL "JOSEPH" ZUPNICK, an individual;
CHESKAL ZUPNICK, an individual; and
SPECIALTY RX, INC., a corporation.

     Defendants.

_____/

### DEFENDANT SPECIALTY RX, INC.'S MOTION TO DISMISS
### PLAINTIFF'S FOURTH AMENDED COMPLAINT

Defendant, Specialty Rx, Inc. ("Specialty Rx"), through undersigned counsel

and pursuant to the Federal Rules of Civil Procedure and Middle District of Florida

Local Rule 3.01, files this Motion to Dismiss Plaintiff, Leonard G. Horowitz'

("Plaintiff") Fourth Amended Complaint (D.E. 81), and states:

### INTRODUCTION

This case has run its course. Plaintiff filed this action over a year ago and has

since filed *five* separate complaints, failing on every occasion to meet fundamental

federal pleading standards, and forcing Specialty Rx to incur substantial time and

expense to respond each time to baseless and legally insufficient claims to which it was

never involved. This Court has made clear that its patience with Plaintiff's repeated pleading deficiencies is exhausted,[1] and Specialty Rx's frustration far surpasses even that. Plaintiff has repeatedly shackled Specialty Rx to this matter for no other reason than its nebulous existence in an alleged and unsubstantiated "enterprise." This Fourth Amended Complaint ("FAC") seemingly asserts two claims against Specialty Rx for purported breach of contract (Count III) and intentional interference with prospective economic advantage (Count VI). The claims allege no action at all by Specialty Rx (none of Plaintiff's five complaints ever have), and are asserted against "[a]ll Defendants"[2] without directly specifying who is liable for each claim.[3]

Afforded numerous chances and repeated pleading guidance from the Court, Plaintiff's FAC nevertheless fails fivefold for improper venue, impermissible shotgun pleading, and failure to state proper claims for relief against Specialty Rx. As more fully discussed herein, Specialty Rx also seeks dismissal of the FAC for lack of subject matter jurisdiction.[4] Accordingly, the FAC must be dismissed **_with prejudice_**[5] as to Specialty Rx as a matter of law.

---

[1] *See* D.E. 80 at 12.

[2] In addition to Specialty Rx, the other Defendants in this action are Emerald Nutraceuticals LLC ("Emerald"), Michael Garcia ("Garcia"), Joel Zupnick ("J. Zupnick"), and Cheskal Zupnick ("C. Zupnick").

[3] Plaintiff repeatedly lumps all or several Defendants together, but the gravamen of the FAC appears to impute alleged wrongdoing to Garcia and Emerald.

[4] For brevity purposes, Specialty Rx hereby joins and incorporates the applicable arguments within the Zupnicks' Motion to Dismiss the Fourth Amended Complaint (D.E. 83) regarding Plaintiff's failure to sufficiently plead citizenship of the parties.

[5] This Court has declared that "[a]ny further pleading deficiencies, including jurisdictional, will result in dismissal of this action with prejudice." D.E. 80 at 12.

## ARGUMENT AND MEMORANDUM OF LAW

**I.     THE FOURTH AMENDED COMPLAINT MUST BE DISMISSED WITH PREJUDICE FOR IMPROPER VENUE.**

    **A.     Legal Standard.**

"The district court of a district in which is filed a case lying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue is proper if the district in which the suit was filed is:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a defendant objects to venue under Federal Rule of Civil Procedure 12(b)(3), the plaintiff bears the burden of showing that the selected venue is proper. *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988) (explaining that the plaintiff must make a prima facie showing of venue); *Graceland v. Plutus Enters. LLC*, No. 8:21-V-2356-VMC-CPT, 2022 WL 1212801, at *3 (M.D. Fla. Apr. 25, 2022) (citations omitted). "The court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to

determine whether venue is proper." *Id*. Only the events directly giving rise to a claim are relevant and only those locations hosting a "substantial part" of the events are to be considered. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). While certain kinds of events may be necessary to give rise to the claim, "[o]nly those actions which were, in and of themselves, 'wrongful' or had a 'close nexus' to the wrong could form the basis of proper venue." *Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.*, 669 F. Supp. 2d 1353, 1357 (S.D. Fla. 2009) (citations omitted). A central purpose of the federal venue statute is to ensure that a defendant is not "hailed into a remote district having no real relationship to the dispute." *Id*. (citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)). Therefore, in enacting the venue statute, Congress intended to protect defendants and to require courts to focus on the relevant activities of the *defendant*, not of the plaintiff. *Bremer*, 321 F.3d at 1371–72.

## B.   Venue is Not Proper Within the Middle District of Florida and Appears to Lie in New York.

None of the Defendants are alleged to reside in Florida, so venue does not lie in the Middle District under § 1391(b)(1). Venue is also improper under § 1391(b)(2) because a substantial part of the events giving rise to the claims took place outside the State of Florida (New York), and a substantial part of the subject property of the action is located outside the State of Florida (New York).

The facts and circumstances giving rise to the FAC concern Garcia's and/or Emerald's purported representations and actions related to their commercial business dealings with Plaintiff, all of which occurred in New York. Plaintiff alleges that he and

Garcia purportedly contracted for Emerald to manufacture, market, and distribute Plaintiff's products from Garcia's and/or Emerald's facilities in New York. D.E. 81 at ¶¶ 61-74. Plaintiff claims that Emerald, by and through Garcia, contacted him (from New York) to initiate a non-disclosure and non-circumvention contract (which pointedly includes a choice of law provision in the State of New York),[6] and soon thereafter, the subject contract. *Id.* at ¶ 61.

Plaintiff subsequently worked, trained Emerald staff, and installed his own equipment in Emerald's New York lab/facilities in furtherance of the manufacturing and distribution terms of the contract. *Id.* at ¶¶ 77-81. Garcia oversaw and tasked Emerald's product manager, Michael Pfenning, with administering all operations related to the manufacture of Plaintiff's products, inventory, and billing in New York. *Id.* at ¶ 89. Plaintiff was then billed for services provided in New York and wired money to Emerald and/or Garcia's New York bank accounts. *Id.* at ¶¶ 74, 86-88, 90, 118-119, 164, 178, 196(a)(a), 182(a), 196(a). As for the fraud, misrepresentation, and tortious interference claims, Plaintiff alleges that Garcia made various oral and written representations (in New York) regarding Emerald's ability to transition Plaintiff's business (to New York) and manufacture, market, and distribute Plaintiff's products (in and from New York) *Id.* at ¶¶ 64-76, 81-82, 84, 91, 100, 102, 110, 113, 178, 209.

Therefore, a substantial part of the events or omissions giving rise to the claims took place in New York and not the Middle District of Florida. Besides, the proper

___

[6] *Id.*, Ex. 8 at § 14.

focus under § 1391 is on the relevant activities of Defendants, not Plaintiff—all of which plainly occurred in New York by way of Emerald and/or Garcia. Because venue is not proper within the Middle District of Florida and instead lies in the State of New York, the FAC should be dismissed with prejudice. Due to the other procedural deficiencies raised in this Motion (not to mention the repeated prior notices to Plaintiff of the same), the Court need not transfer this case to the Eastern District of New York,[7] pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406.

## II. THE FOURTH AMENDED COMPLAINT MUST BE DIMSISSED WITH PREJUDICE FOR FAILURE TO STATE CLAIMS FOR RELIEF.

### A. Legal Standard.

A plaintiff must plead "a short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(a). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While the allegations in a pro se complaint are construed liberally," the complaint must still meet facial plausibility standards. *Johnson v. Tampa Police Dep't*, No. 8:19-CV-2704, 2020 WL 4349898, at *2 (M.D. Fla. July 29, 2020) (citation and quotation marks omitted). The complaint must contain more than "labels and conclusions" or

---

[7] The Eastern District of New York appears to be where Emerald and/or Garcia is domiciled.

"a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S at 678.

**B.     The FAC Must be Dismissed as an Impermissible Shotgun Pleading.**

While pro se complaints are held to a less stringent standard than those drafted by an attorney, the pro se litigant is still required to "conform to procedural rules.'" *Riley v. Fairbanks Capital Corp.*, 222 Fed. Appx. 897, 898 (11th Cir. 2007). A shotgun pleading violates procedural rules because it fails "to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

The Eleventh Circuit has identified four types of shotgun pleadings, including complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or against whom particular causes of action are being brought. *Id.* at 1321-23. Shotgun pleadings "are flatly forbidden" by the Federal Rules of Civil Procedure, and district courts have inherent authority to dismiss a complaint on shotgun pleading grounds. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations

omitted). Further, **a district court may dismiss a shotgun pleading *with prejudice* when a plaintiff is put on notice of the shotgun pleading defects and fails to remedy those defects after amendment**. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff **one chance** to remedy such deficiencies.") (emphasis added). The key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. *Id*. If that chance is afforded and the plaintiff fails to remedy, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds. *Id.; see also Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x. 987 (11th Cir. 2015) (affirming district court's dismissal of pro se plaintiff's amended complaint with prejudice as a shotgun pleading that failed to comply with court rules, ignored advice in a court order, and was just as confusing as the initial complaint).

Here, Plaintiff received repeated guidance on the nature of and intolerance for shotgun pleadings. This Court issued several orders and even walked through the issues with Plaintiff during an in-court case management conference on June 13, 2024, and all Defendants' previous motions to dismiss have detailed shotgun pleading law and Plaintiff's defects. Plaintiff has been given not one but *five* chances, to no end: the FAC is a model shotgun pleading. Each count of the FAC adopts the allegations of the preceding counts, "causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," and making it of the sort

the Eleventh Circuit "has been roundly, repeatedly, and consistently condemning for years." *Weiland*, 792 F.3d at 1321; *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 989 (11th Cir. 2008). Indeed, the final count incorporates each of the 204 preceding paragraphs of the FAC such that it amounts to an amalgamation of all six counts. D.E. 81 at ¶ 205; *see PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 & n.4 (11th Cir. 2010) (finding a typical shotgun pleading where the last of a complaints ten counts "amount[ed] to an amalgamation of all counts."); *see also Schwartz v. ADP, Inc.*, No. 2:21-CV-283-SPC-MRM, 2021 WL 4295274, at *1 (Polster, Chappell, J.) (M.D. Fla. Sept. 21, 2021) (dismissing a "textbook" shotgun pleading whose successive counts carried the allegations from the other counts, with the result that the final count combined the entire complaint).

The FAC persists in asserting multiple claims against multiple Defendants without specifying who is responsible for which act. While most of the allegations describe acts or omissions by Garcia and Emerald (and certainly not Specialty Rx), Counts III and VI are nevertheless asserted against all Defendants, lumping them altogether into the breach of contract and tort claims. In fact, there are no substantive allegations against Specialty Rx whatsoever and its involvement in the claims is impossible to determine. The FAC is also replete with conclusory, vague, and immaterial facts that have no bearing on the claims. For example, Plaintiff alleges that he "resided in New York hotels and was prevented from accessing the lab after 4:30pm and on weekends," which does not appear to relate to any of his breach of contract, fraud, or tortious interference claims. D.E. 81 at ¶ 78. Further, Plaintiff's vague

speculations about Defendants based on loose online research and generalized statements are also immaterial to his claims. *See id.* at ¶¶ 26, 33, 39-40, 46-48, 55, 130 (distorting irrelevant legal proceedings, discussing Specialty Rx's estimated annual revenue, and assuming that "a wealthy Jewish guy in New Jersey" must be a certain Defendant).

Such indeterminate pleading utterly fails to provide Specialty Rx with adequate notice of the specific claims and allegations against it and the grounds upon which each claim rests. As this Court has clarified in several cases, whether a defendant is provided with adequate notice "is the touchstone of the Eleventh Circuit's shotgun pleading framework." *Cont'l 332 Fund, LLC v. Albertelli*, 317 F. Supp. 1124, 1138 (M.D. Fla. 2018); *see also Shaw v. HealthPark Medical Ctr., LLC*, No. 2:22-CV-106-SPC-MRM, 2022 WL 911577, at *1 (M.D. Fla. Mar. 29, 2022) (Polster Chappell, J.) (complaint does not give adequate notice of the allegations where the plaintiff brings a host of claims against defendants without specifying who is liable for each claim); *Milfort v. Rambosk,* No. 2:21-CV-366-SPC-MRM, 2021 WL 2401848, at *1 (Polster Chappell, J.) (M.D. Fla. June 10, 2021) (dismissing the complaint for engaging in impermissible group pleading because "there is no way to say what [the Defendant] is sued for or why it is a Defendant"). Specialty Rx cannot possibly ascertain which claims, if any, are asserted against it. Accordingly, the FAC against Specialty Rx should be dismissed with prejudice as an improper shotgun pleading.

**C.      The FAC Fails to State a Breach of Contract Claim Against Specialty Rx and Count III Must Be Dismissed.**

Even if proper venue exists here (it does not), and the FAC is not a shotgun pleading (it is), Plaintiff fails to state cognizable claims against Specialty Rx. In Florida, the elements for breach of contract include: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. *Cordell Funding, LLLP v. Jenkins*, 722 F. App'x 890, 894-95 (11th Cir. 2018).

The FAC alleges no facts supporting a breach of contract claim against Specialty Rx. There are no allegations establishing the existence of a contract involving Specialty Rx, a material breach by Specialty Rx of any obligations under a contract, or any resulting damages from that breach. Plaintiff does not even allege (nor can he) that Specialty Rx was a party to any contract with him. *See Sekula v. Residential Credit Sols., Inc.*, No. 6:15-CV-2104-ORL-31-KRS, 2016 WL 6650712, at *2 n.2 (M.D. Fla. Nov. 10, 2016) ("In case it is not obvious, under Florida law, a breach of contract claim may only be asserted against a party to a contract."). Indeed, Specialty Rx is referred to only a handful of times within the entire 79-page Fourth Amended Complaint as part of the vaguely alleged "Defendants' enterprise," and has no direct connection to Plaintiff, his claims, Emerald, or Garcia. As such, Count III must be dismissed with prejudice against Specialty Rx.

**D.    The FAC Fails to State a Tortious Interference Claim Against Specialty Rx and Count VI Must Be Dismissed.**

The FAC also fails to state a claim for tortious interference with business relationships against Specialty Rx. To succeed in a claim for tortious interference of business relationships under Florida law, the plaintiff must allege: (1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) resulting damage. *Cain & Bultman, Inc. v. Evolutions Flooring, Inc.*, No. 3:22-CV-593-BJD-JBT, 2022 WL 19298813, at *3 (M.D. Fla. Dec. 15, 2022) (citations omitted).

Plaintiff alleges that "Defendants, represented by the Zupnicks' appointed CEO of Emerald," all became aware of a business relationship between Plaintiff and another marketing and distribution company, TruLife, after the owner referred Plaintiff to Emerald. D.E. 81 at ¶¶ 206-208. Plaintiff claims that Garcia criticized TruLife's effectiveness to market and distribute Plaintiff's products, and convinced him to rely solely on Emerald and its "Enterprise partners" instead and enter an agreement excluding TruLife. *Id.* at ¶¶ 207-210.

Plaintiff fails to allege any knowledge by Specialty Rx of Plaintiff's prospective existing or prospective business relationship with TruLife, intentional or unjustified interference by Specialty Rx with such relationship, or damage as a result. Indeed, Plaintiff does not even mention Specialty Rx in Count VI at all. Yet he lumps Specialty Rx together with all the Defendants, without explaining how each Defendant

-12-

purportedly intentionally or unjustifiably interfered with his prospective business relationship with TruLife.

Accordingly, Plaintiff's Fourth Amended Complaint fails to state claims for relief against Specialty Rx and must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to correct the numerous pleading deficiencies identified by the Court's prior orders, including failure to establish proper venue within this Court, engaging in impermissible shotgun pleading, and failure to state legally sufficient causes of action against Specialty Rx. Additionally, as Specialty Rx has adopted and incorporated the applicable arguments within Defendants, Joel and Cheskal Zupnicks' Motion to Dismiss the Fourth Amended Complaint (D.E. 83), dismissal of the Fourth Amended Complaint with prejudice is further warranted for the reasons set forth within Joel and Cheskal Zupnicks' Motion to Dismiss.

WHEREFORE, Defendant, Specialty Rx, Inc., respectfully requests that this Court enter an Order granting this Motion and dismissing Plaintiff's Fourth Amended Complaint against Specialty Rx **with prejudice**, and awarding any and all relief that this Court deems just and proper in light of the foregoing.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), on October 17 and 18, 2024, the undersigned counsel conferred with the pro se Plaintiff via e-mail and telephone regarding the issues raised in this Motion, and states that Plaintiff opposes the requested relief herein.

**Dated: October 18, 2024**

Respectfully submitted,

**NELSON MULLINS RILEY
& SCARBOROUGH LLP**
*Attorneys for Defendants, J. Zupnick,
C. Zupnick, and Specialty Rx, Inc.*
390 North Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone: (407) 669-4282
Facsimile: (407) 425-8377

One Financial Plaza
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, Florida 33394
Telephone: (954) 745-5241
*Mike.Bittman@nelsonmullins.com*
*Melissa.Scott@nelsonmullins.com*

By: */s/ Melissa J. Scott*
Michael J. Bittman, Esq.
Florida Bar No.: 347132
Melissa J. Scott, Esq.
Florida Bar No.: 1010123

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2024, a true and correct copy of the foregoing was filed with the Court's electronic filing CM/ECF system, which will send a notice of electronic filing on all counsel or parties of record.

By: */s/ Melissa J. Scott*
Melissa J. Scott
Florida Bar No.: 1010123

-14-

## SERVICE LIST

Via prepaid U.S. Mail to Leonard G. Horowitz, *Pro Se Plaintiff,* at:
7463 Pomegranate Drive
Bokeelia, Florida 33922
-and-
1831 SW Newport Isles Blvd.
Port St. Lucie, Florida 34953
-and-
Via email to: len15@mac.com