## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

LEONARD G. HOROWITZ,

     Plaintiff,

v.                                Case No.: 2:23-cv-00696-SPC-NPM

EMERALD NUTRACEUTICALS LLC,
a foreign limited liability company;
MICHAEL GARCIA, an individual;
JOEL "JOSEPH" ZUPNICK, an individual;
CHESKAL ZUPNICK, an individual; and
SPECIALTY RX, INC., a corporation.

     Defendants.

_____/

## DEFENDANTS JOEL AND CHESKAL ZUPNICKS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT

Defendants, Joel Zupnick ("J. Zupnick") and Cheskal Zupnick ("C. Zupnick") (collectively, the "Zupnicks"), through undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 3.01, file this Motion to Dismiss Plaintiff, Leonard G. Horowitz' ("Plaintiff") Fourth Amended Complaint (D.E. 81) and state:

## INTRODUCTION

Since bringing this action over a year ago, Plaintiff has filed four unsuccessful complaints based on claims arising solely from his direct business dealings with Defendants, Emerald Nutraceuticals LLC ("Emerald") and Michael Garcia

("Garcia"). Disgruntled that Emerald and Garcia have completely ignored this lawsuit, Plaintiff's now *fifth* complaint desperately tries to pass the buck to the Zupnicks, when he knows full well that they were never involved. Evident from his Fourth Amended Complaint ("FAC") and all those before, Plaintiff can only speculate as to the Zupnicks' association with Emerald and Garcia, let alone their involvement in the events that led to his claims. Indeed, Plaintiff only learned of the Zupnicks for the first time after researching online in preparation for filing this lawsuit against Emerald and Garcia, and he dragged them into this action in hopes that "a wealthy Jewish guy in New Jersey" would compensate him for the losses he incurred as a result of Emerald's and Garcia's conduct.[1] But not even a fifth bite at the proverbial apple can save Plaintiff's fatal pleading deficiencies.

The FAC asserts six claims against J. Zupnick for purported breach of contract (Counts I – III), promissory fraud (Count IV), negligent misrepresentation (Count V), and intentional interference with prospective economic advantage (Count VI). Counts III and VI are also asserted against C. Zupnick. Despite repeated guidance from this Court on federal pleading requirements and numerous attempts to replead—each of which have forced the Zupnicks to incur substantial time and expense to respond to—Plaintiff nevertheless fails to establish any entitlement to relief. The FAC fails once more for lack of personal jurisdiction against the Zupnicks, lack of subject matter jurisdiction, and failure to state legally sufficient claims for relief. As more fully

---

[1] *See* D.E. 81 at ¶¶ 130, 178(b).

discussed herein, the Zupnicks also seek dismissal of the FAC for improper venue and for impermissible shotgun pleading.[2] This Court has made clear that its patience with Plaintiff's repeated pleading deficiencies is exhausted,[3] and the Zupnicks' frustration far surpasses even that. Plaintiff has reached his limit, and dismissal of this action ***with prejudice***[4] is warranted as a matter of law.

## ARGUMENT AND MEMORANDUM OF LAW

**I.    JOEL AND CHESKAL ZUPNICK ARE NOT SUBJECT TO PERSONAL JURISDICTION IN THIS COURT AND THE CLAIMS AGAINST THEM MUST BE DISMISSED WITH PREJUDICE.**

### A. Legal Standard.

A defending party may move to dismiss a claim for relief for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). To determine whether a nonresident defendant is subject to personal jurisdiction, two requirements must be met: (1) the Florida long-arm statute must be satisfied, and (2) the exercise of jurisdiction must not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Posner, et al. v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). Thus, if Florida's long-arm statute is satisfied, the Court must then determine whether sufficient "minimum contacts" exist to satisfy the due process requirements of the Fourteenth Amendment, including

---

[2] For brevity purposes, the Zupnicks hereby join and incorporate the arguments within Defendant, Specialty Rx's Motion to Dismiss the Fourth Amended Complaint (D.E. 82) for improper venue and for impermissible shotgun pleading.

[3] *See* D.E. 80 at 12.

[4] This Court has declared that "[a]ny further pleading deficiencies, including jurisdictional, will result in dismissal of this action with prejudice." *Id.*

"traditional notions of fair play and substantial justice." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam) (citing *Sculptchair*, 94 F.3d at 626); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Florida's long-arm statute provides for both specific and general personal jurisdiction. Fla. Stat. § 48.193(1)-(2). Specific personal jurisdiction refers to the Court's jurisdiction over a nonresident defendant if the asserted cause of action "arises from" that defendant's actions within the forum. Fla. Stat. § 48.193(1); *Melgarejo v. Pycsa Panama, S.A.*, 537 F. App'x 852, 854 (11th Cir. 2013). General personal jurisdiction refers to the Court's jurisdiction over nonresident defendants who are "engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, [and] whether or not the claim arises from that activity." Fla. Stat. § 48.193(2); *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000).

Florida law determines the application of the long-arm statute. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). The Court is required to apply the statute as the Supreme Court of Florida would, and "adhere to the interpretations of [the statute] offered by Florida's District Courts of Appeal absent some indication that the Florida Supreme Court would hold otherwise." *Mosseri*, 736 F.3d at 1352 (citing *Sculptchair*, 94 F.3d at 627).

**B. The FAC Does Not Allege Sufficient Facts to Support Long-arm Jurisdiction.**

In determining whether the Florida long-arm statute is satisfied, the plaintiff bears the initial burden of alleging sufficient material facts in his complaint to support long-arm jurisdiction. *Future Tech. Today, Inc.*, 218 F.3d at 1249 (11th Cir. 2000) (citing *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991)); *see Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla. 1989). If the plaintiff satisfies that requirement, the burden shifts to the defendant to submit affidavits or other evidence to challenge the plaintiff's allegations in the complaint. *Sculptchair*, 94 F.3d at 627. If the defendant meets this burden, the plaintiff must "'substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.'" *Future Tech. Today, Inc.*, 218 F.3d at 1249 (quoting *Prentice*, 779 F. Supp. at 583).

The relevant portion of Florida's long-arm statute reads:

> (1) (a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>   1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>   2. Committing a tortious act within this state . . .
>   7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state . . .
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity . . . .

Fla. Stat. § 48.193(1)-(2).

Plaintiff does not cite any provision of Florida's long-arm statute, but broadly asserts that all Defendants "conducted business in Florida from New York and New Jersey at the time of the alleged torts." D.E. 81 at ¶ 8. Plaintiff further alleges that the Zupnicks "own and administer multiple branches of Specialty Rx doing business under the same name, or nearly the same name, throughout Florida," and "conducted business in Florida with the Plaintiff through their 'partner' and agent/subordinate [Garcia], their CEO at Emerald." *Id.* These allegations seem to be a reference to Fla. Stat. § 48. 193(1)(a)(1) above. In apparent support, Plaintiff cites to screenshotted records searches of various non-party Florida companies that purportedly list J. Zupnick and/or Cheskal "Berkowitz" (which according to Plaintiff is C. Zupnick's alias) as registered agents or authorized members. D.E. 81, Ex. 4-6.

However, as established by their declarations, attached hereto as **Exhibits 1 and 2**, the Zupnicks have never personally conducted business in Florida. Ex. 1, 2 at ¶ 12. They reside and work in the State of New York. *Id.* at ¶¶ 3-4. The Zupnicks personally do not have offices, agencies, places of business, employees, representatives, or agents in Florida. *Id.* at ¶¶ 5-6. They do not personally own, use, lease, or possess any personal property in Florida. *Id.* at ¶ 7. They do not personally maintain a post office box address, other mailing address, or phone number in Florida. *Id.* at ¶¶ 8-9. Further, the Zupnicks do not personally advertise in Florida and do not personally have a designated agent for service in Florida. *Id.* at ¶¶ 10-11.

Even assuming the truth of the allegations regarding the Zupnicks' involvement with the non-party entities at this stage, the Zupnicks are protected from being sued in their individual capacity under Florida's corporate shield doctrine, which prohibits acts of a corporate employee performed in a corporate capacity from forming the basis for jurisdiction over that employee in an individual capacity. *Doe v. Thompson*, 620 So.2d 1004, 1006 (Fla. 1993). The doctrine also applies to a nonresident who acts in a representative capacity on behalf of a limited liability company (LLC). *Schwartzberg v. Knobloch*, 98 So. 3d 173, 181 (Fla. 3d DCA 2012) (citing *Stomar, Inc. v. Lucky Seven Riverboat Co.*, L.L.C, 821 So. 2d 1183, 1187 (Fla. 4th DCA 2002)). The Florida Supreme Court explained that the doctrine's rationale is "'that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer.'" *Id*. (citation omitted).

Accordingly, Florida courts do not have personal jurisdiction over corporate officers merely because they would have jurisdiction over the corporation itself. *Id*.; *see also Kitroser v. Hurt*, 85 So. 3d 1084, 1088 (Fla. 2012) ("[A]cts performed by a person exclusively in his corporate capacity not in Florida but *in a foreign state* may not form the predicate for the exercise of personal jurisdiction over the employee in the forum state.") (emphasis in original). Indeed, the Florida Supreme Court has stated that "a nonresident employee-defendant who works only outside of Florida, commits no acts in Florida, and has no personal connection with Florida will not be subject to the

personal jurisdiction of Florida courts simply because he . . . is a corporate officer or employee." *Kitroser*, 85 So. 3d at 1089.11.

Therefore, any acts allegedly performed by the nonresident Zupnicks as registered agents and/or authorized members of the non-party LLCs were exclusively within their corporate capacities in New York, and may not form the predicate for the exercise of personal jurisdiction over them as corporate officers in Florida. Moreover, the exception to the corporate shield doctrine, which allows a corporate officer committing fraud or other intentional conduct in the forum state to be subject to personal jurisdiction, *see Doe*, 620 So.2d at 1006 n.1, does not apply here because, as set forth below, the FAC fails to state claims against the Zupnicks for alleged fraud and/or intentional interference with prospective business relationships. Further, the Zupnicks' declarations make clear that they never spoke with, made representations to, or interacted with Plaintiff; nor were they aware of or part of any contract between Emerald and Plaintiff, participated in any business dealings involving Plaintiff, or entered or had any partnership relationship with Plaintiff. Ex. 1, 2 at ¶¶ 15-19. Sections 48.103(1)(a)(2) and (7) of Florida's long-arm statute similarly do not apply here to extend jurisdiction for committing tortious acts or breaching a contract in Florida because the Zupnicks had no communications, contact, or interactions with Plaintiff whatsoever, and were not part of any contract or partnership relationship with him. As set forth below, FAC is devoid of any allegations otherwise. Ex. 1, 2 at ¶¶ 15-19.

Finally, Plaintiff's insinuation that Garcia and/or Emerald acted as the Zupnicks' agents when they conducted business in Florida, breached the contracts,

and made fraudulent statements—apparently invoking an agency theory under Fla. Stat. § 48.193(1)(a))—is also insufficient to extend personal jurisdiction over them. The FAC's obscure Exhibit 1 (which does not appear to originate from official state public records and whose sources are unspecified), purports to show that J. Zupnick allegedly filed a biennial statement for Emerald in 2023 and is listed as Emerald's CEO. D.E. 81, Ex. 1. Plaintiff alleges that J. Zupnick is Emerald's owner, CEO, and sole member, and that "presumably," J. Zupnick appointed Garcia to act as Emerald's agent to run Emerald and advance the business "enterprise" interest. *Id.* at ¶¶ 25, 33. Plaintiff's only support for such speculatory allegations are Garcia's statements that Emerald's start-up money came from his "very wealthy Jewish partner in New Jersey" and that he discussed the launch of a certain business venture involving Plaintiff with his "partner." *Id.* at ¶¶ 26, 178(b), (h), (i); Ex. 7.

Even assuming the accuracy of Plaintiff's dubious exhibits, merely filing a biennial statement does not equate to being an corporate officer and J. Zupnick has affirmed that he never was. Ex. 1 at ¶ 15. Plaintiff's other exhibits also contradict his allegations. Garcia's signatures within Exhibits 7 and 8 of the FAC state that he is Emerald's CEO, as does Emerald's organization chart within Exhibit 8, which indicates that he is the Zupnicks' superior. Moreover, the Zupnicks were mere passive investors in Emerald and were not involved in any day-to-day operations or involvement with its customer base. Ex. 1, 2 at ¶¶ 13-17. They have since ceased all business and contact with Emerald, having suffered considerable losses on their investments. *Id.* at ¶ 13. Neither Zupnick entered into or had any partnership

relationship with Plaintiff, and did not solicit or participate in any business dealings involving Plaintiff. *Id.* ¶¶ 17-19. Therefore, the FAC lacks sufficient allegations to establish personal jurisdiction over the Zupnicks, and the claims against them must be dismissed.

## III.   THE FOURTH AMENDED COMPLAINT MUST BE DISMISSED WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION.

If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. FED. R. CIV. P. 12(h)(3). When federal jurisdiction is based upon diversity, Plaintiff "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). "Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." *Id.* For purpose of diversity jurisdiction, a limited liability is a citizen of every state in which one of its members is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). So a pleading must identify each of an LLC's members and their citizenships to ensure the feuding parties are diverse. *See id.* Plaintiff mentions that J. Zupnick (a New York citizen) is the "single member of Emerald." D.E. 81 at ¶ 22. But J. Zupnick stated in his declaration that, although he was once a passive investor, he was never a corporate officer of Emerald and has since ceased all business and contact with Emerald. Ex. 1 at ¶¶ 13, 15. He is not a member of Emerald and Plaintiff has not shown otherwise.

Therefore, diversity of citizenship has not been established and the FAC must be dismissed.

### III.  THE FOURTH AMENDED COMPLAINT MUST BE DIMSISSED WITH PREJUDICE FOR FAILURE TO STATE CLAIMS FOR RELIEF.

#### A.  Legal Standard.

A plaintiff must plead "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "While the allegations in a pro se complaint are construed liberally," the complaint must still meet facial plausibility standards. *Johnson v. Tampa Police Dep't*, No. 8:19-CV-2704, 2020 WL 4349898, at *2 (M.D. Fla. July 29, 2020) (citation and quotation marks omitted). The complaint must contain more than "labels and conclusions" or "a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S at 678.

#### B.  The FAC Fails to State Breach of Contract Claims Against Joel Zupnick and Cheskal Zupnick and Counts I-III Must Be Dismissed.

Even if personal and subject matter jurisdiction have been established (and they have not), Plaintiff fails to state cognizable claims against the Zupnicks. In Florida,

the elements for breach of contract include: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. *Cordell Funding, LLLP v. Jenkins*, 722 F. App'x 890, 894-95 (11th Cir. 2018). The FAC alleges no facts supporting a breach of contract claim against the Zupnicks. There are no allegations establishing the existence of a contract involving the Zupnicks, a material breach by them of any obligations under a contract, or any resulting damages from that breach. Plaintiff does not even allege (nor can he) that the Zupnicks were a party to any contract with him. *See Sekula v. Residential Credit Sols., Inc.*, No. 6:15-CV-2104-ORL-31-KRS, 2016 WL 6650712, at *2 n.2 (M.D. Fla. Nov. 10, 2016) ("In case it is not obvious, under Florida law, a breach of contract claim may only be asserted against a party to a contract."). Yet Plaintiff offers only broad allegations that some or all Defendants breached a certain contract, without asserting who is party to it, how each Defendant purportedly breached said contract, or otherwise attaching it to the FAC.

Accordingly, the FAC fails to establish the elements for breach of contract against the Zupnicks and must be dismissed against them.

## C.  The FAC Fails to State a Fraud Claims Against Joel Zupnick and Counts IV and V Must Be Dismissed.

Counts IV and V of the FAC should be dismissed as to Joel Zupnick for failure to satisfy the heightened particularity threshold for fraud claims under Federal Rule of Civil Procedure 9(b), which requires that "a party must state with particularity the circumstances constituting fraud . . . ." To satisfy Rule 9(b), a complaint must allege facts about the "time, place, and substance of the defendant's alleged fraud, specifically

the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1222 (11th Cir. 2012) (internal quotation marks omitted). Stated differently, "[t]his means who, what, when, where, and how: the first paragraph of any newspaper story." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006).

Counts IV-V concern promissory fraud and negligent misrepresentation claims to which Rule 9(b) applies. *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 951 (11th Cir. 2014) (heightened federal pleading standard applies to negligent misrepresentation claims under Florida law because they sound in fraud.) The fraud and misrepresentation claims lack any specificity about the time, place, and substance of J. Zupnick's alleged fraud. Indeed, Plaintiff does not identify a single statement made by J. Zupnick in either claim. Plaintiff alleges that "the Defendants, by and through acts of their [sic] J. Zupnick's subordinate official at Emerald" made certain representations about the manufacture, market, and distribution of his products, D.E. 81 at ¶ 190, but fails to identify *what* specifically the fraudulent statements were, *when* they were made, *which* Defendants made them, and *how* they were fraudulent. In purported support of Garcia's and J. Zupnick's alleged "promise" to Plaintiff of a partnership in Emerald's enterprise, Plaintiff references and attaches an email dated October 23, 2022 from Garcia that does even identify J. Zupnick or any statements or representations that he made. *Id*. at ¶¶ 175, 178(x); Ex. 7. Instead, Plaintiff references Garcia or "Defendants" generally throughout Counts IV and V, which falls well short of the Rule 9(b) threshold. *See Techjet Innovations Corp. v. Benjelloun*, 203 F. Supp. 3d

1219, 1232 (N.D. Ga. 2016) ("The Court agrees that Plaintiff lumped together several defendants and therefore failed to identify with sufficient particularity 'who' exactly made the statements that they allege to be fraudulent."). Additionally, Plaintiff's conclusory and speculative allegations that J. Zupnick purportedly directed or authorized Garcia's fraudulent conduct—on the sole and baseless assumption that Garcia's "partner" is J. Zupnick—are insufficient under the pleading standards of both Rules 8 and 9. Because Counts IV and V fail to plead fraud and misrepresentation with particularity under Rule 9(b), they must be dismissed.

### D. The FAC Fails to State a Tortious Interference Claim Against Joel and Cheskal Zupnick and Count VI Must Be Dismissed.

The FAC also fails to state a claim for tortious interference with business relationships against the Zupnicks. To succeed in a claim for tortious interference of business relationships under Florida law, the plaintiff must allege: (1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) resulting damage. *Cain & Bultman, Inc. v. Evolutions Flooring, Inc.*, No. 3:22-CV-593-BJD-JBT, 2022 WL 19298813, at *3 (M.D. Fla. Dec. 15, 2022) (citations omitted).

Plaintiff alleges that "Defendants, represented by the Zupnicks' appointed CEO of Emerald," all became aware of a business relationship between Plaintiff and another marketing and distribution company, TruLife, after the owner referred Plaintiff to Emerald. D.E. 81 at ¶¶ 206-208. Plaintiff claims that Garcia criticized TruLife's

effectiveness to market and distribute Plaintiff's products, and convinced him to rely solely on Emerald and its "Enterprise partners" instead and enter an agreement excluding TruLife. *Id.* at ¶¶ 207-210. Plaintiff fails to allege any knowledge by the Zupnicks of Plaintiff's prospective existing or prospective business relationship with TruLife, intentional or unjustified interference by the Zupnicks with such relationship, or damage as a result. Indeed, Plaintiff does not allege any conduct by the Zupnicks at all.  Yet he lumps the Zupnicks together with all the Defendants, without explaining how each Defendant purportedly intentionally or unjustifiably interfered with his prospective business relationship with TruLife.

Accordingly, the Fourth Amended Complaint fails to state claims for relief against J. Zupnick and C. Zupnick and should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to correct the numerous pleading deficiencies identified by the Court's prior orders, including failure to establish personal jurisdiction over the Zupnicks and subject matter jurisdiction in this action. Moreover, Plaintiff has failed to allege sufficient causes of action against the Zupnicks. Additionally, as the Zupnicks have adopted and incorporated the applicable arguments within Defendant, Specialty Rx, Inc.'s Motion to Dismiss the Fourth Amended Complaint (D.E. 82), dismissal of the Fourth Amended Complaint with prejudice is further warranted for the reasons set forth within Specialty Rx, Inc.'s Motion to Dismiss.

WHEREFORE, Defendants, J. Zupnick and C. Zupnick., respectfully request that this Court enter an Order granting this Motion and dismissing them from Plaintiff's Fourth Amended Complaint **with prejudice**, and awarding any and all relief that this Court deems just and proper in light of the foregoing.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), on October 17 and 18, 2024, the undersigned counsel conferred with the pro se Plaintiff via e-mail and telephone regarding the issues raised in this Motion, and states that Plaintiff opposes the requested relief herein.

**Dated: October 18, 2024**          Respectfully submitted,

**NELSON MULLINS RILEY
& SCARBOROUGH LLP**
*Attorneys for Defendants, J. Zupnick,
C. Zupnick, and Specialty Rx, Inc.*
390 North Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone: (407) 669-4282
Facsimile: (407) 425-8377

One Financial Plaza
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, Florida 33394
Telephone: (954) 745-5241
*Mike.Bittman@nelsonmullins.com*
*Melissa.Scott@nelsonmullins.com*

By: */s/ Melissa J. Scott*
Michael J. Bittman, Esq.
Florida Bar No.: 347132
Melissa J. Scott, Esq.
Florida Bar No.: 1010123

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2024, a true and correct copy of the

foregoing was filed with the Court's electronic filing CM/ECF system, which will send

a notice of electronic filing on all counsel or parties of record.

By: */s/ Melissa J. Scott*

Melissa J. Scott
Florida Bar No.: 1010123

## SERVICE LIST

Via prepaid U.S. Mail to Leonard G. Horowitz, *Pro Se Plaintiff,* at:
7463 Pomegranate Drive
Bokeelia, Florida 33922
-and-
1831 SW Newport Isles Blvd.
Port St. Lucie, Florida 34953
-and-
Via email to: len15@mac.com