UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONARD G. HOROWITZ, an individual,

    Plaintiff,

v.   Case No.: 2:23-cv-696-SPC-NPM

EMERALD NUTRACEUTICALS, LLC., MICHAEL GARCIA, JOEL ZUPNIC(K), CHESKEL ZUPNICK and SPECIALTYRX, INC.,

    Defendants.

_____/

## OPINION AND ORDER

Before the Court are two Motions to Dismiss—one filed by Defendant Specialty Rx, Inc. (Doc. 82) and one by Defendants Joel and Cheskal Zupnick. (Doc. 83). Plaintiff filed Responses to each (Docs. 84, 85), so the motions are ripe for review.

Plaintiff creates various health supplements. He alleges that he contracted with Defendants to manufacture, ship, and market his products. Defendants apparently fell short in their contractual obligations, so Plaintiff sues for breach of contract, promissory fraud, negligent misrepresentation, and intentional interference with prospective economic advantage. (Doc. 81). Defendant Specialty Rx moves to dismiss for lack of improper venue and failure

to state a claim, and it joins the Zupnick's motion regarding subject-matter jurisdiction. The Zupnicks move to dismiss for lack of personal jurisdiction, lack of subject-matter jurisdiction, failure to state a claim, and they otherwise join Specialty Rx's motion regarding venue.

Plaintiff filed this case over a year ago. Yet this case still has not advanced beyond the pleading stage. This is because Plaintiff repeatedly tries and fails to formulate an adequate complaint. His first Complaint was dismissed sua sponte by the Court for lack of subject-matter jurisdiction and because it was a shotgun pleading. (Doc. 6). He then filed an Amended Complaint (Doc. 18), which Defendants moved to dismiss (Docs. 19, 28, 29). This prompted Plaintiff to file a Second Amended Complaint. (Doc. 44). Again, after Defendants moved to dismiss, Plaintiff amended. (Doc. 66). Defendants then moved to dismiss Plaintiff's Third-Amended Complaint (Docs. 71, 72), which the Court addressed.

The Court granted Defendant's Motions to Dismiss Plaintiff's Third-Amended Complaint. (Doc. 80). The Court held that it has no personal jurisdiction over the Zupnicks, that subject-matter jurisdiction was questionable, that venue appeared improper in this Division, and that Plaintiff failed to state a claim. The Court granted Plaintiff leave to amend, but cautioned that his Fourth Amended Complaint would be his final opportunity to get this case off the ground. Plaintiff did not heed the Court's warning, as

2

many of the same problems persist. But the Court need not address each of these deficiencies. Instead, the Court dismisses for improper venue.

Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated.[1] When a defendant moves to dismiss under Rule 12(b)(3) for improper venue, the plaintiff bears the burden of establishing venue is proper. *Whitwam v. JetCard Plus, Inc.*, 34 F. Supp. 3d 1257, 1259 (S.D. Fla. 2014). Plaintiff has not met this burden.

None of the Defendants reside in Florida, so Plaintiff must show that a substantial part of the events giving rise to his claims occurred in the Middle District of Florida. He has not done so. First, the contractual claims. When analyzing the proper venue for a breach of contract claim, the Eleventh Circuit has considered factors such as where the contract was negotiated, executed, and performed. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003); *Impact Sports Mgmt. v. Baratz*, No. 16-CV-80049, 2016 WL 9406071, at *3 (S.D. Fla. June 27, 2016) (applying the *Jenkins* factors). But

---

[1] 28 U.S.C. § 1391(b)(3) does not apply here, so the Court omits it.

the "most important[]" consideration is where the contract was breached. *Jenkins*, 321 F.3d at 1272; *see also Hemispherx Biopharma, Inc. v. MidSouth Cap., Inc.*, 669 F. Supp. 2d 1353, 1357 (S.D. Fla. 2009) ("Only those actions which were, in and of themselves, 'wrongful' or had a 'close nexus' to the wrong could form the basis of proper venue." (citation omitted)).  Consideration of these factors does not suggest this District is a proper venue.

As discussed, Plaintiff claims Defendants breached their contractual obligations to manufacture, ship, and market his supplements. Given that Defendants and their laboratories are all located in New York, this is where the contract was to be performed and, most importantly, where the purported breach occurred. Indeed, Plaintiff alleges that he traveled to New York to assist in the manufacturing process. (Doc. 81 ¶ 77). As for contract negotiations, Plaintiff claims he was solicited to enter the contract in Boca Raton, Florida and "conducted contractual discussions" there. (Doc. 81 ¶¶ 58, 59, 176). Boca Raton is in the Southern District of Florida. And where the contract was executed is a mystery.[2] Given the information available, particularly that the alleged breach occurred in New York, it appears the

---

[2] Determining a contract's state of execution generally requires looking to the "last act necessary to complete [the] contract," which is typically the offeree's communication of acceptance or the final signature. *Prime Ins. Syndicate, Inc. v. B.J. Handley Trucking, Inc.*, 363 F.3d 1089, 1093 (11th Cir. 2004). The Court has not been presented with such information. In fact, as the Court observed in its prior Order, Plaintiff has not provided the operative contract or conveyed which Defendants are parties to the contract.

4

Middle District of Florida is not the proper venue for Plaintiff's breach of contract claims. *See Forbes v. Lenox Fin. Mortg., LLC*, No. 08-60455-CIV, 2008 WL 2959727, at *3 (S.D. Fla. July 30, 2008) (finding venue improper in the district when "Plaintiff's Complaint [was] entirely devoid of any allegation that the decision to breach the contract or any other acts related to the breach of contract occurred" in the district). At the very least, Plaintiff has not alleged otherwise.[3]

His promissory fraud and negligent misrepresentation claims fare no better. At best, and construing the Fourth Amended Complaint liberally, Plaintiff alleges that the fraudulent statements were issued from New York into Florida. But this is insufficient. For venue to lie in this District, the fraudulent statements must have been issued in or otherwise directed into this District. *See Trans Am Worldwide, LLC v. JP Superior Sols., LLC*, No. 4:17-CV-560-MW/CAS, 2018 WL 3090394, at *7 n.10 (N.D. Fla. Apr. 30, 2018). He never alleges that the statements were made into the Middle District of Florida, much less the Fort Myers Division. As the Court already advised Plaintiff, his allegations of fraudulent statements made into the state are inapt. Because he has not alleged that a substantial portion of the fraudulent

---

[3] In his Response, Plaintiff also argues that he transported the "subject property of the action"—the manufacturing equipment required to fulfill the contract—from his Florida home to Defendants in New York. (Doc. 84 at 2). Even assuming this is relevant, it does not help his cause. Plaintiff's own acknowledgment that the subject property of the action is in New York only reaffirms Defendants' position that a district in New York is the proper venue.

claims or misrepresentations occurred in this District, he fails to establish this is a proper venue.

As for Plaintiff's intentional interference claim, he alleges that "he had a reasonable expectancy of entering into a valid business relationship with TruLife Distributing Company in Boca Raton, FL." (Doc. 81 at 45). Again, Boca Raton is in the Southern District of Florida. And he alleges no other conduct tied to this District. So his intentional interference claim does not belong here either.

This is not new information for Plaintiff. The Court outlined these issues in its prior Order. (Doc. 80). Judge Mizell even advised Plaintiff at the Rule 16(b) conference that venue appeared improper. (Doc. 59). And Defendants objected to venue in three prior motions to dismiss. (Docs. 28, 52, 71). Plaintiff has had several opportunities to allege venue adequately, but he repeatedly fails to do so—presumably because he cannot. The Court warned him that any further pleading deficiencies, including jurisdictional, would result in dismissal of this action. (Doc. 80 at 12). The Court is true to its word.

When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Given the other pleading and jurisdictional deficiencies that persist (which the Court does not address here), the Court finds transfer is unwarranted. So Plaintiff's Fourth Amended

6

Complaint is dismissed without leave to amend.[4] *See Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 903 (11th Cir. 2020) ("A district court need not allow an amendment where there has been repeated failure to cure deficiencies by amendments previously allowed." (cleaned up)).

There is one last issue to address: the clerk's default against Defendants Emerald Nutraceuticals, LLC and Michael Garcia. (Doc. 78). The Court finds good cause exists to set aside this clerk's default. *See Anheuser Bush, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003) (holding that, under Rule 55(c), a district court may sua sponte set aside default for good cause). There are several reasons why. First, because Plaintiff's Fourth Amended Complaint asserted a new claim against all defendants—Intentional Interference with Prospective Economic Advantage—he was required to serve the defaulted defendants with the Fourth Amended Complaint, which he has not done. Fed. R. Civ. P. 5(a)(2); *see also Campbell v. Bennett*, 47 F.4th 1362, 1366 (11th Cir. 2022). Second, Plaintiff failed to timely move for default judgment and has thus failed to prosecute his claims against the defaulted defendants. *See* M.D. Fla. R. 1.10(c). Third, venue is improper in this District. And finally, given Plaintiff will presumably refile this case in the proper venue, entering default judgment against Emerald Nutraceuticals and Garcia here runs the risk of

---

[4] Plaintiff is free to refile this case in the proper venue, which Defendants suggest is the Eastern District of New York.

inconsistent judgments since the allegations against each Defendant are intertwined. Given these issues, good cause exists to sua sponte set aside the clerk's default.

Accordingly, it is now

**ORDERED:**

1. Defendants SpecialtyRx, Joel Zupnick, and Cheskal Zupnick's Motions to Dismiss (Docs. 82, 83) are **GRANTED**.

2. Plaintiff's Fourth Amended Complaint is **DISMISSED.**

3. The Clerk is further **DIRECTED** to set aside the clerk's default entered against Emerald Nutraceuticals, LLC and Michael Garcia. (Doc. 78).

4. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 22, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record